(No. 90-CC-3343—■■■■■

LEANN NIXON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 5, 1994.*

MICHAEL FALCONER, for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

The claim of Claimant, Leann Nixon, comes before the Court pursuant to the terms and provisions of the Law Enforcement Officers and Firemen Compensation Act (820 ILCS 315/1, *et seq.*). The Claimant, Leann Nixon, is the widow of Chicago police patrolman Dean Nixon, who died on June 9, 1989.

The Court initially reviewed the application for benefits submitted by the Claimant, together with the written statement of officer Nixon's supervising officer and documentation submitted therewith, the medical examiner's certificate of death, the decedent's designation of beneficiary, and the report of the Attorney General. After that review, the Court entered an order that we were unable to determine whether officer Nixon was killed in the line of duty, as is a precondition of the granting of compensation under the Act.

A hearing was held before the Commissioner assigned to the case and oral arguments were held before the full Court.

The sole issue before the Court is whether officer Nixon was killed in the line of duty. Claimant would be entitled to an award if officer Nixon was killed in the line of duty. Such a determination is a factual issue to be determined by the Court. For purposes of the Law Enforcement Officers and Firemen Compensation Act, the phrase "killed in the line of duty" is defined as losing one's life as a result of injury received in the active performance of duties as a law enforcement officer or fireman if the death occurs within one year from the date of injury and the injury arose from violence or other accidental cause except the term excludes death resulting from the willful misconduct or intoxication of the officer or fireman. (*In re Application of Yoho* (1989), 42 Ill. Ct. Cl. 249.) The police officer must be in the active performance of his duties as a law enforcement officer for an award to be made.

In the instant case, the Claimant had an altercation with a Mr. Eagles several days before June 9, 1989. The dispute was resolved and the police were not called. On June 9, 1989, Mrs. Nixon apprised officer Nixon of the prior occurrence. Officer Nixon was off duty and in sweatpants and a t-shirt. He took his personal gun and his badge and drove to Herman Eagles' residence. Officer Nixon left his gun and his badge in the vehicle. He then spoke to a relative of Mrs. Nixon who lived in the building, refused his offer of assistance, and then went to the Eagles' back porch. A confrontation arose with Eagles' mother and then with Herman Eagles. Officer Nixon never identified himself as a police officer. Officer Nixon was at the back door of the Eagles' apartment. He was cut by Eagles. Shortly thereafter, he and Eagles fell off the porch area and officer Nixon died. The State's Attorney felony review official refused to file criminal charges

against Eagles and the Policemen's Annuity and Benefit Fund of the City of Chicago denied benefits based on officer Nixon's death.

The actions of the felony review attorney and the Policemen's Annuity and Benefit Fund have no bearing on the outcome of this case as their standards are different from the standards and burdens of proof before this Court. Claimant must prove by a preponderance of evidence that Claimant was killed in the line of duty as defined by the Act.

We find that Claimant was not killed in the line of duty based on the evidence presented in this case to the Court. The death of officer Nixon is a tragedy but we find he was not in the active performance of his duties as a law enforcement officer. The evidence shows that officer Nixon was on a personal business matter. The purported prior occurrence happened days before and the police were not called. At the time of death, officer Nixon was off duty, out of uniform, did not have his gun or badge on his person, failed to have back-up or report his activities, and did not identify himself as a police officer.

While we have great sympathy for Mrs. Nixon and applaud the fine efforts of her counsel, we are constrained to find that officer Dean Nixon was not killed in the line of duty and therefore, Claimant is not entitled to benefits pursuant to the Law Enforcement Officers and Firemen Compensation Act. For the foregoing reasons, the claim of Leann Nixon is denied.